UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/09

------------------------------------- x

SECURITIES AND EXCHANGE COMMISSION,

                     Plaintiff,

      - against -

TODD M. EBERHARD,
PARK SOUTH SECURITIES, LLC, and
EBERHARD INVESTMENT ASSOCIATES, INC.,

                    Defendants,

      - and -

STONE HOUSE CAPITAL PARTNERS LP,

                Relief Defendant.

------------------------------------- x

No. 03 Civ. 0813 (RMB)

~~PROPOSED~~

ORDER REINSTATING CASE TO ACTIVE DOCKET, APPROVING SALE OF INTEREST IN CAMPBELL APARTMENT, AND APPROVING RECEIVER'S RENEWED FINAL FEE APPLICATION

        WHEREAS, on April 18, 2003, the Court issued an Order (the "April 18 Order") appointing Aaron R. Marcu Receiver (the "Receiver") for the assets of defendant Todd M. Eberhard; and

        WHEREAS, Paragraph IV.A of the April 18 Order directed Mr. Marcu to "take all steps the Receiver deems appropriate for the collection, preservation, maintenance and operation" of Mr. Eberhard's assets (the "Receivership Assets");

        WHEREAS, pursuant to Paragraph IV.E of the April 18 Order, the Receiver retained Covington & Burling LLP ("Covington") as his counsel to assist with the administration of the Receivership;

        WHEREAS, by Order dated May 8, 2009, the Court directed the Clerk of the Court to remove this case from the active docket;

WHEREAS, certain matters related to the winding up of the Receivership and the disposition of Mr. Eberhard's assets remain unresolved;

WHEREAS, the Receivership Assets include Mr. Eberhard's interest in the Campbell Apartment Ltd., which operates a cigar bar at Grand Central Terminal in Manhattan (the "Campbell Apartment");

WHEREAS, Paragraph IV-A of the April 18 Order provides that "the Receiver shall not sell or liquidate assets except upon order of the Court obtained after giving notice to the [Securities and Exchange] Commission [the "SEC"] and such notice to [Todd] Eberhard as may be reasonable . . . .";

WHEREAS, the Receiver, has entered into an agreement to sell Mr. Eberhard's interest in the Campbell Apartment back to the Campbell Apartment for $3,000 (the "Transaction"), and the closing of the Transaction is expected to occur as soon as practicable after Court approval of the Transaction is obtained;

WHEREAS, the Transaction has been consented to by the SEC and the Receiver;

WHEREAS, reasonable notice of the Transaction has been provided to Mr. Eberhard;

WHEREAS, the Court has reviewed the letter concerning the Transaction dated July 9, 2009 submitted by counsel to the Receiver;

WHEREAS, Paragraph IX of the April 18 Order provides that "the reasonable costs, fees and expenses" incurred by the Receiver and his counsel in the performance of their duties under the Order "shall be advanced from the Receivership Assets after approval by the Court," and that "[a]ll applications for costs, fees and expenses of the Receiver and those

employed by him shall be made by application to the Court setting forth in reasonable detail the nature of such costs, fees and expenses"; and

WHEREAS, on or about February 26, 2008, the Receiver filed his Final Fee Application for Eberhard Asset Receivership (the "Final Fee Application"), which sought approval of the payment of his costs, fees, and expenses and those of his counsel, Covington, for services rendered from May 1, 2004 and December 31, 2007 (the "Compensation Period"); and

WHEREAS, the Receiver's Final Fee Applications and the exhibits thereto set forth in reasonable detail the nature of his costs, fees, and expenses and those of his counsel; and

WHEREAS, reasonable notice of the Receiver's Final Fee Application has been given to counsel for the SEC and to Mr. Eberhard;

WHEREAS, on March 14, 2008, the Court issued an Order partially granting the Receiver's Final Fee Application ("the Partial Fee Order");

WHEREAS, in the Partial Fee Order the Court determined that it was premature to make a "final" fee award at that time, given that the Receivership was still pending, but invited the Receiver "to (re)apply for fees up to but no greater than $300,083.15 at or about the time that final distribution of receivership assets is in progress.";

WHEREAS, on July 9, 2009, Covington submitted a renewed application for fees incurred during the Compensation Period (the "Renewed Final Fee Application");

WHEREAS, in view of the public service aspect of this matter, the Receiver and Covington agreed (a) to reduce their hourly billing rates for lawyers and paraprofessionals by 20 percent, (b) to accept a flat fixed fee based on percentage of recovery principles that is substantially less than the discounted fees actually incurred for work Covington performed

3

during the Compensation Period, and (c) to perform the work necessary by them to complete the Receivership (from January 1, 2008 forward) on a *pro bono* basis;

WHEREAS, the Court has independently reviewed the Renewed Receiver's Final Fee Application;

WHEREAS, the Court has determined, on the basis of its review of the record and of the services performed by the Receiver and Covington, that the fees for which the Receiver has reapplied during the Compensation Period are reasonable and appropriate;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

(a) the Clerk of the Court shall restore this case to the active docket;

(b) the Receiver's proposed sale of Mr. Eberhard's interest in the Campbell Apartment for $3,000 is approved; and

(c) the Receiver's application for payment of compensation for professional services rendered by Covington between May 1, 2004 ~~and December 31, 2007~~ in the amount of $99,083.15 is ~~approved, and Mr. Marcu, as Receiver, is authorized to pay this amount from the Receivership's checking account~~. [handwritten: to the end of the receivership deferred until such time as all receivership funds are restored.]

SO ORDERED.

Dated: New York, New York
           7/13            , 2009

                                        /s/ RMB
                                  _____
                                  THE HONORABLE RICHARD M. BERMAN
                                       United States District Judge

4